**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PETER DIPIETRO, : | |
| : | Civil Action No. 14-5334(NLH) |
| Petitioner, : | |
| : | |
| v. : | **MEMORANDUM OPINION** |
| : | |
| SUPERIOR COURT OF NEW JERSEY, : | |
| et al., : | |
| : | |
| Respondents. : | |

**APPEARANCES:**

Peter DiPietro
495 South Bluebell Road
Vineland, NJ  08360
    Petitioner pro se

**HILLMAN,** District Judge

    Petitioner Peter DiPietro has filed a Petition for writ of habeas corpus, apparently seeking to preclude an arrest.

    The filing fee for a petition for writ of habeas corpus is $5.00.  Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing.  Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas corpus and seeks to proceed in forma pauperis, that petition must submit (a) an affidavit setting forth information which establishes that the

petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account, and (2) the greatest amount on deposit in the prisoner's institutional account during the six-month period prior to the date of the certification.  See also Rule 3(a)(2) of the Rules Governing Section 2254 Cases in the United States District Courts[1] (requiring a habeas petitioner who desires to proceed in forma pauperis to accompany his affidavit with "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution").[2]  If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis.  Local Civil Rule 81.2(c).

Petitioner did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor did

---

[1] Pursuant to Rule 1(b) of the Rules Governing § 2254 Cases, this Court may apply any of all of the Rules Governing § 2254 Cases to other types of habeas corpus petitions.

[2] As set forth in Rule 3(a)(2) of the Rules Governing § 2254 Cases and Local Civil Rule 81.2(c), the obligation to provide the required certification is mandatory.

Petitioner submit an application for leave to proceed in forma pauperis.

In addition, the facts alleged in the Petition suggest that Petitioner is not in custody.  To invoke habeas corpus review by a federal court, a federal prisoner must satisfy two jurisdictional requirements:  the status requirement that the person be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).  As Petitioner is apparently seeking to preclude police from arresting him pursuant to a warrant that has been issued, he does not seem to be "in custody" at the present time.

CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate the Petition without prejudice.[3]  Petitioner will be granted leave to apply to

---

[3] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Burns v. Morton, 134 F.3d 109 (3d Cir. 1998) (applying Houston mailbox to the filing of federal habeas petitions); Papotto v. Hartford Life & Acc. Ins.

re-open within 30 days by either prepaying the filing fee or submitting a complete application for leave to proceed in forma pauperis.  Any such application to re-open must be accompanied by a proposed amended petition clearly setting forth facts demonstrating that Petitioner was "in custody" as of the date the Petition was filed.

    An appropriate Order will be entered.


At Camden, New Jersey                   s/Noel L. Hillman
                                             Noel L. Hillman
                                             United States District Judge
Dated:  August 28, 2014

---

Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).